UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MYRON TOBLER,

        Plaintiff,

v.                                 Case No. 3:20-cv-722-MMH-JBT

ANDREW L. SKIGEN, et al.,

        Defendants.

_____

## <u>ORDER</u>

Plaintiff Myron Tobler, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1). The Court granted him leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> Order (Doc. 6). After reviewing the Complaint, the Court advised Tobler of some deficiencies in his Complaint and directed him to file an amended complaint. <u>See</u> Order (Doc. 11). Tobler filed an Amended Complaint (Doc. 13; AC) naming as Defendants: (1) Andrew L. Skigen, Oral and Maxillofacial Surgeon at the Reception and Medical Center (RMC); (2) G. Rosario, Dentist at Holmes Correctional Institution (HCI); (3) S.

Lyon, Licensed Practical Nurse at HCI; and (4) T. White, Licensed Practical Nurse at HCI.[1]

Tobler alleges that on January 30, 2018, he declared a medical emergency at HCI regarding "complications of a wisdom tooth that caused him severe pain and swelling to the lower right side of his jaw." AC at 19. Defendant Rosario examined Tobler, ordered an x-ray, and provided him with ibuprofen. Id. On April 20, 2018, Tobler was transferred to RMC, and "on July 31, 2018, Defendant Skigen removed [Tobler's] wisdom tooth as he heard a loud pop noise erupt after his tooth was pulled." Id. at 19-20. Defendant Skigen provided Tobler with Motrin after the procedure. Id. at 20.

The next day, August 1, 2018, Tobler declared a medical emergency relating to his "severe pain" and was seen by E. Morse. Id. Morse gave Tobler more Motrin and Amoxicillin. Id. Later that day, Tobler declared another medical emergency. Id. Tobler "advised Nurse Mahoney that he could not eat his food properly due to the severe pain and needed stronger medication." Id. Nurse Mahoney scheduled Tobler for a follow-up appointment. Id.

---

[1] In a December 28, 2020 letter, Tobler also lists R. Polk, Warden of RMC, and G. Brock, Warden of HCI, as Defendants. See Doc. 12. However, Tobler did not list them as Defendants in the Amended Complaint, and the Court previously advised Tobler that he must state the full names of each defendant in the style of the case and in section I.B. of the complaint form. See Order (Doc. 9).

On August 2, 2018, at Tobler's follow-up appointment, "Nurse Schrader examined [Tobler], reviewed his medical file, and told him to continue to take the medication that was provided." Id. "Nurse Schrader also provided [Tobler] with a soft food puree diet pass and scheduled another follow[-]up appointment for one week." Id. Before the follow-up appointment, however, Tobler was transferred back to HCI on August 8, 2018. Id. Tobler then explains what occurred between August 13, 2018, and September 15, 2018, regarding Defendants Rosario, Lyon, and White at HCI. He asserts that despite his repeated complaints, these Defendants failed to provide him with appropriate medical care.

As a result of these alleged acts and omissions, Tobler asserts that all Defendants acted with deliberate indifference to his serious medical needs. As to Skigen, Tobler states that Skigen "acted with malicious intention out of frustration being careless, yanking and pulling on [Tobler's] tooth any kind of way as he fractured [Tobler's] jaw and injured a nerve and failed to provide the appropriate medical treatment which caused pain and suffering." Id. at 5; see id. at 24 (alleging that Skigen was careless, reckless, and unprofessional). He further alleges that Skigen engaged "in a civil conspiracy to deprive [Tobler] of access to medical treatment," and acted with "gross incompeten[ce]" when he failed to follow up with Tobler to determine whether the Motrin was sufficient.

3

Id. at 25. He seeks a declaration that Defendants violated his Eighth Amendment rights, monetary damages, and any other relief deemed just. See id. at 30-31.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B). In assessing the Amended Complaint, the Court must read Tobler's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under

4

42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

As it relates to a prisoner's medical care, "[t]he Supreme Court has interpreted the Eighth Amendment to prohibit 'deliberate indifference to serious medical needs of prisoners.'" Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). The Eleventh Circuit has instructed:

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."[2] Townsend v. Jefferson Cnty., 601 F.3d

---

[2] See Patel v. Lanier Cnty. Ga., No. 19-11253, 2020 WL 4591270, *9 n.10 (11th Cir. Aug. 11, 2020) (recognizing "a tension" within Eleventh Circuit precedent

> 1152, 1158 (11th Cir. 2010) (alteration in original).
> The defendants must have been "aware of facts from
> which the inference could be drawn that a substantial
> risk of serious harm exist[ed]" and then actually draw
> that inference. <u>Farrow v. West</u>, 320 F.3d 1235, 1245
> (11th Cir. 2003) (quotation omitted).

<u>Easley v. Dep't of Corr.</u>, 590 F. App'x 860, 868 (11th Cir. 2014). "For medical

treatment to rise to the level of a constitutional violation, the care must be 'so

grossly incompetent, inadequate, or excessive as to shock the conscience or to

be intolerable to fundamental fairness.'" <u>Nimmons v. Aviles</u>, 409 F. App'x 295,

297 (11th Cir. 2011) (quoting <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir.

1991)); <u>see also</u> <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989) (stating

"[g]rossly incompetent or inadequate care can constitute deliberate

indifference …, as can a doctor's decision to take an easier and less efficacious

course of treatment" or fail to respond to a known medical problem). However,

the law is well-settled that the Constitution is not implicated by the negligent

acts of corrections officials and medical personnel. <u>Daniels v. Williams</u>, 474

U.S. 327, 330-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986) ("As we

held in <u>Daniels</u>, the protections of the Due Process Clause, whether procedural

---

relating to the "more than mere negligence" and "more than gross negligence"
phrases and stating that "no matter how serious the negligence, conduct that
can't fairly be characterized as <u>reckless</u> won't meet the Supreme Court's
standard").

or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Bingham</u>, 654 F.3d at 1176 (quotation marks and citation omitted). Moreover, the Eleventh Circuit has stated that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." <u>Bismark v. Fisher</u>, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting <u>Waldrop</u>, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." <u>Adams v. Poag</u>, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Here, Tobler has not alleged sufficient factual allegations, accepted as true, to state an Eighth Amendment deliberate indifference claim against Defendant Skigen. He has failed to provide any facts, as opposed to naked conclusions, suggesting that Skigen acted with deliberate indifference in extracting Tobler's wisdom tooth. Indeed, while Tobler states that Skigen

"acted with malicious intention out of frustration being careless," and that Skigen was reckless, AC at 5, 24, he fails to support those conclusions with any factual allegations, other than saying that Skigen was "yanking and pulling" on his tooth and that he and/or Skigen heard a loud pop after his tooth was removed. The facts alleged do not suggest that Skigen acted with more than mere or gross negligence or that he performed the extraction in such a way that he knew it would create a substantial risk of harm. Additionally, insofar as Tobler contends that Skigen was careless and unprofessional, such assertions are not only unsupported, but the assertions also do not amount to deliberate indifference. See Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (quoting Estelle, 429 U.S. at 106) ("Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'").

Moreover, the medical records attached to the Amended Complaint reflect, and Tobler acknowledges in the Amended Complaint, that Skigen provided him with 800mg Motrin, and the following day, Tobler was given more Motrin and Amoxicillin. See Doc. 13-1 at 3. That Tobler desired a different or stronger medication does not render Skigen deliberately indifferent in providing him with Motrin. See Adams, 61 F.3d at 1547 (recognizing that a physician's decision on whether to prescribe stronger

8

medication is a matter of medical judgment which is "an inappropriate basis for imposing liability under section 1983"). Finally, while Tobler alleges that Skigen fractured his jaw, see AC at 5, two days after Skigen's procedure, Dr. Schrader examined Tobler and took an x-ray which revealed "no evidence of mandibular Fx." Doc. 13-1 at 4. Tobler's allegations suggest that the gravamen of his claims is that his post-operative care was allegedly deficient. However, Skigen was not involved in that care, and Tobler's statement that Skigen engaged in a "civil conspiracy" to deny him proper medical care is wholly unsupported.

Accordingly, it is

**ORDERED**:

1.     All claims against Defendant Andrew L. Skigen are **DISMISSED without prejudice**. The Clerk shall terminate Skigen as a party in this case.

2.     Because the alleged events giving rise to the remaining claims against Defendants Rosario, White, and Lyon occurred at Holmes Correctional Institution in Holmes County, Florida, pursuant to 28 U.S.C. § 1406(a), this case is **TRANSFERRED** to the United States District Court for the Northern District of Florida for all further proceedings. The **Clerk** shall immediately forward the file to the Northern District.

3.     The **Clerk** shall thereafter close the case in this Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of March, 2021.


MARCIA MORALES HOWARD
United States District Judge


JAX-3 3/30
c:
Myron Tobler