UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MYRON TOBLER,

    Plaintiff,

v.                                              Case No. 5:21-cv-72-RV/MJF

G. ROSARIO, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the Eighth Amendment when they failed to provide adequate dental care. Doc. 1. The facts as presented in Plaintiff's second amended complaint, Doc. 18, fail to state a facially plausible claim for relief against the named Defendants. The undersigned, therefore, recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Procedural Background

Plaintiff commenced this section 1983 action in the United States District Court for the Middle District of Florida. In his original complaint, Plaintiff named six Defendants, all of whom were employed by the Florida Department of Corrections ("FDC"), for violations of his rights under the Eighth Amendment to the United States Constitution. Magistrate Judge Joel B. Toomey screened Plaintiff's original complaint, identified deficiencies, and directed Plaintiff to file an amended complaint. Doc. 9.

Plaintiff filed an amended complaint and named only four Defendants: (1) Andrew L. Skigen; (2) G. Rosario; (3) S. Lyon; and (4) T. White. Doc. 13. On March 31, 2021, United States District Judge Marcia Morales Howard dismissed Plaintiff's claims against Defendant Skigen and transferred Plaintiff's remaining claims to the United States District Court for the Northern District of Florida. Doc. 14.

The undersigned screened Plaintiff's amended complaint and determined that Plaintiff failed to state a claim upon which relief could be granted as to the remaining Defendants (*i.e.*, G. Rosario, S. Lyon, and T. White). Doc. 17. The undersigned directed Plaintiff to file a second amended complaint. *Id.* Plaintiff timely complied with that order. Doc. 18.

## II. Factual Background

These facts set forth below are drawn from Plaintiff's second amended complaint. Doc. 18. On January 30, 2018, while housed at Holmes Correctional Institution ("HCI"), Plaintiff declared a medical emergency because his wisdom tooth was causing severe swelling and pain. *Id.* at 14 ¶ 1. Rosario examined Plaintiff, ordered an x-ray image, and provided Plaintiff with ibuprofen. *Id.* ¶ 2. On April 20, 2018, the FDC transferred Plaintiff to the Reception and Medical Center ("RMC"). On July 31, 2018, Skigen removed Plaintiff's wisdom tooth and provided Plaintiff Motrin after the procedure. *Id.* ¶ 4.

On August 1, 2018, E. Morse examined Plaintiff and prescribed ibuprofen and amoxicillin. On August 2, 2018, Nurse Schrader examined Plaintiff and told Plaintiff to continue the medication as prescribed. *Id.* ¶ 9. Nurse Schrader also provided Plaintiff a pass for "soft food puree" and scheduled Plaintiff for a follow-up appointment. Additionally, the treatment notes indicate that an x-ray was taken of Plaintiff's jaw. The x-ray showed "no evidence of mandibular" fracture. Doc. 13-1 at 4.[2] Additionally, Nurse Schrader advised Plaintiff that "significant pain and

---

[2] Plaintiff attached the relevant medical records to his first amended complaint. Although he did not attach these relevant medical records to his second amended complaint, Plaintiff references these medical records in his second amended complaint. Doc. 18 at 18 ¶ 8.

Case 5:21-cv-00072-RV-MJF   Document 19   Filed 02/02/22   Page 4 of 17

some swelling can be expected for invasive surgical extraction like the one necessary for removal of tooth . . . [and] that post-op pain can be expected for 7-14 days." *Id.*

On August 8, 2018, Plaintiff was transferred back to HCI. On August 13, 2018, Rosario examined Plaintiff. *Id.* at 5; Doc. 18 at 14 ¶ 12. Plaintiff explained to Rosario that Plaintiff "was having complications" from the surgical extraction. Doc. 18 at 14 ¶ 12. Treatment notes reflect that Rosario examined Plaintiff, renewed Plaintiff's pass for puree food for one month, and noted that Plaintiff was still healing. Doc. 13-1 at 5.

On August 23, 2018, Plaintiff declared a medical emergency. Lyon examined Plaintiff. Plaintiff reported that he was having complications after the wisdom tooth extraction, specifically Plaintiff complained of pain and swelling. Doc. 18 at 15 ¶ 14. Lyon examined Plaintiff and noted that there were no signs of infection, abscess, or drainage. Doc. 13-1 at 6. Lyon advised Plaintiff that he could request pain medication such as Tylenol or ibuprofen from his dorm officer and that he should sign up for dental sick call. *Id.*; Doc. 18 at 15 ¶ 14. The next day, Plaintiff declared a dental emergency for swelling and pain. Doc. 18 at 15 ¶ 15. Lyon saw Plaintiff, but Plaintiff was taken back to his cell by security before Lyon was able to examine Plaintiff because Plaintiff was "hostile." Doc. 13-1 at 6; *see* Doc. 18 at 15 ¶ 15.

On August 29, 2018, Plaintiff declared a medical emergency because of swelling in his face. Doc. 18 at 15 ¶ 16. Rosario examined Plaintiff noting that the

Page 4 of 17

area was healing and provided Plaintiff 16 tablets of 200 mg ibuprofen. Doc. 13-1 at 5; Doc. 18 at 15 ¶ 16. Plaintiff explained that he needed stronger medication or to see a doctor, but Rosario stated that she could not "provide anything but ibuprofen." Rosario then sent Plaintiff back to his cell. Doc. 18 at 15 ¶ 17.

On September 8, 2018, Plaintiff declared a medical emergency. White saw Plaintiff. Plaintiff alleges that he "complained about his deteriorated condition as it was obvious his face was swollen." Doc. 18 at 16 ¶¶ 18-19. He asserts that the extraction site had become infected. He asserts that White did not prescribe any medical treatment.

On September 10, 2018, Plaintiff declared a medical emergency. Rosario examined Plaintiff and noted that Plaintiff's jaw was "rock hard" and "swollen." Doc. 18 at 17 ¶ 21. Plaintiff states that Rosario provided no treatment. *Id.* Rosario, however, took an X-ray of Plaintiff's jaw and requested a referral to the RMC for evaluation of Plaintiff's jaw. Doc. 13-1 at 8.

On September 15, 2018, Plaintiff declared an emergency and was seen by Nurse Bush. Nurse Bush examined Plaintiff, noted that there was swelling, and contacted Dr. Dowling. Dr. Dowling prescribed the antibiotic Augmentin and ibuprofen. Doc. 18 at 17 ¶ 22.

### III. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Mere conclusory and vague allegations are insufficient to state a claim, however. *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Similarly, a formulaic recitation of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555.

### IV. DISCUSSION

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that a "prison official's 'deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

In other words, because an inmate "must rely on prison authorities to treat his medical needs," prisons officials have an "obligation to provide medical care" for inmates, and failure to meet that obligation can constitute a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 103; *see West v. Atkins*, 487 U.S. 42, 56 (1988) (noting that a state has "an affirmative obligation to provide adequate medical care" to prisoners). But "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow*, 320 F.3d at 1243 (quoting *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999)).

To sufficiently state an Eighth-Amendment claim of deliberate indifference to a serious medical need, a plaintiff must allege:

(1) he had a serious medical need;

(2) the defendant was deliberately indifferent to that need; and

(3) there is a causal connection between the defendant's act or omission and the constitutional deprivation.

*Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1188 (11th Cir. 2020).

### A. Failure to Allege a Serious Medical Need

Plaintiff has failed to allege that he suffered a serious medical need. Plaintiff asserts that "complications," namely swelling and pain, after the wisdom tooth extraction were serious medical needs because he later developed an infection.

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth-Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-04). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)); *Keohane v. Fla. Dep't of Corr.*, 952 F.3d 1257, 1266 (11th Cir. 2020). In either of those cases, the medical need is serious if

it is "one that, if left unattended, 'pos[es] a substantial risk of harm.'" *Farrow*, 320 F.3d at 1243 (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)); *Keohane*, 952 F.3d at 1266.

Failure to receive dental care "may give rise to a sufficiently serious medical need to show objectively a substantial risk of harm." *Farrow*, 320 F.3d at 1244 (first citing *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989); then citing *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). A need for dental care, however, does not always constitute a serious medical need. *Id.* In *Farrow*, the Eleventh Circuit noted that the plaintiff had adequately alleged a serious medical need because he complained of "pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and such continuing medical problems." *Id.* at 1244-45.

Plaintiff, however, has alleged only that he suffered from swelling and pain after a dentist extracted one of his wisdom teeth. Plaintiff does not allege that he was unable to eat anything,³ he lost a significant amount of weight, or that there was drainage in or around the excision site. Furthermore, at least three medical providers found—after examining Plaintiff—that there were no signs of infection. Doc. 13-1 at 6; Doc. 18 at 14-16. Indeed, Nurse Shrader explained to Plaintiff that pain and

---

³ Although Plaintiff asserts that he was unable to masticate his food properly, Plaintiff alleges that Rosario and Nurse Shader provided Plaintiff a soft-food/puree medical pass. Doc. 13-1 at 5; Doc. 18 at 19.

swelling were merely part of the healing process and could be expected to last for approximately fourteen days. Doc. 13-1 at 4. Thus, Plaintiff failed to plead adequately that he suffered from a serious medical need. This alone is a sufficient basis for the District Court to dismiss Plaintiff's claim.

**B.     Failure to Allege Deliberate Indifference**

There is a second, independent reason to dismiss Plaintiff's claims: he failed to allege deliberate indifference.

As noted above, to allege a claim of deliberate indifference to a serious medical need, a plaintiff must allege that the defendant acted with "deliberate indifference" to his serious medical need. *Estelle*, 429 U.S. at 104; *see Hudson*, 503 U.S. at 5; *Taylor*, 221 F.3d at 1258. Deliberate indifference is a higher standard than simple negligence and entails three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (citing *McElligott*, 182 F.3d at 1255); *see Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)); *see also Farmer v. Brennan*, 511 U.S. 825, 839 (1994)

(defining deliberate indifference as conduct that is reckless; that evinces a knowing, conscious disregard). "An official disregards a serious risk by more than mere negligence when he or she knows that an inmate is in serious need of medical care, but he or she fails or refuses to obtain [or intentionally delays] medical treatment for the inmate." *Nam Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (citations and quotations omitted).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *See Harris v. Coweta*, 21 F.3d 388, 393 (11th Cir. 1994). But "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). In other words, a mere difference in a medical opinion between a doctor and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id.* at 1505; *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that when an inmate receives medical treatment but desires a different mode of treatment, the care provided does not amount to deliberate indifference). And whether governmental actors should have employed "additional diagnostic techniques or forms of treatment" is a "classic example of a matter for medical judgment" and,

therefore, is not an appropriate basis for liability under the Eighth Amendment. *See Estelle*, 429 U.S. at 107.

Thus, when an inmate has, in fact, received medical treatment, there will be a violation of the Eighth Amendment only when the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505. An inadvertent failure to provide adequate medical care, negligence, or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth-Amendment violation. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (noting that deliberate indifference requires "obduracy and wantonness" not "inadvertence or error in good faith"); *Estelle*, 429 U.S. at 105-07; *Mann v. Taser Int'l Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).

### 1.     *Failure to Allege Deliberate Difference:  Defendant Rosario*

Plaintiff has failed to allege adequately that Rosario was deliberately indifferent because he has not alleged that Rosario was subjectively aware of a serious medical need and that her conduct amounted to more than mere negligence. Indeed, his allegations amount to simply a disagreement as to the course of treatment provided by Rosario.

First, Plaintiff failed to establish that Rosario was subjectively aware of the serious medical need. Nurse Shrader explained to Plaintiff that swelling and pain were typical during the normal healing process, especially for the first fourteen days

after surgery. Doc. 13-1 at 4. Additionally, the medical record shows that he did not have a "mandibular fracture." *Id.* In light of Plaintiff's medical history and his complaints of swelling and pain, Rosario examined Plaintiff approximately fourteen days after the surgery. She noted that the wound was still healing and provided Plaintiff over-the-counter medication for Plaintiff's pain and swelling. *Id.* at 5. Additionally, Rosario extended his puree food pass for an additional month. *Id.* Similarly, on August 29, 2018, Rosario conducted an examination and noted that the area was still healing and continued to provide Plaintiff over-the-counter medication for the pain and swelling. *Id.*; Doc. 18 at 15 ¶¶ 16-17. Plaintiff has not alleged any facts which indicate that Rosario was subjectively aware Plaintiff suffered from a serious medical need and that without additional treatment it would worsen. Therefore, Plaintiff has not alleged sufficiently that Rosario had subjective knowledge of a risk of harm to Plaintiff.

Second, Plaintiff alleges that Rosario provided Plaintiff with medical treatment at each appointment. Doc. 18 at 14 ¶ 12, 15 ¶¶ 16-17, 16 ¶ 21. Indeed, she examined Plaintiff three times (August 13 and 28, 2018 and September 10, 2018). She noted that Plaintiff's wound was healing, provided Plaintiff over-the-counter medication for pain and swelling, and extended his soft-food pass. She also obtained an x-ray image of Plaintiff's jaw and asked for a consult and evaluation from the RMC. Doc. 13-1 at 7.

Thus, Plaintiff merely disagrees with the treatment that Rosario provided. Plaintiff's mere disagreement with the course of treatment is insufficient to allege that Rosario acted with deliberate indifference. *Estelle*, 429 U.S. at 107; *Hamm*, 774 F.2d at 1575. Additionally, even if Plaintiff's allegations sufficiently alleged that Rosario acted negligently, mere negligence is insufficient to allege deliberate indifference. *Whitley*, 475 U.S. at 319 (noting that deliberate indifference requires "obduracy and wantonness" not "inadvertence or error in good faith").

Accordingly, in addition to Plaintiff's failure to allege a serious medical need, Plaintiff's Eighth-Amendment claim against Rosario should also be dismissed for Plaintiff's failure to allege that Rosario acted with deliberate indifference.

### 2.   *Failure to Allege Deliberate Difference:  Defendant Lyon*

For the same reasons discussed with respect to Rosario, Plaintiff has not alleged that Lyon was deliberately indifferent to Plaintiff's medical needs. That is, Plaintiff has failed to allege that Lyon was subjectively aware of a serious medical need and that Lyon's conduct amounted to more than mere negligence. Plaintiff alleges that Lyon examined Plaintiff, and Lyon's treatment notes indicate that there was no sign of an infection, abscess, or drainage at the excision. Doc. 13-1 at 6; Doc. 18 at 15 ¶¶ 14-15. Plaintiff has not alleged any facts indicating that Lyon was aware of a serious medical need that if left unattended would cause Plaintiff substantial harm. Additionally, he has not alleged that Lyon was deliberately indifferent to any

medical need. Plaintiff concedes that Lyon examined Plaintiff, and that based on this examination, Lyon instructed Plaintiff to take over-the-counter medication for his pain and swelling. Doc. 18 at 15 ¶¶ 14-15; Doc. 13-1 at 6.

Although Plaintiff apparently disagreed with this treatment plan, mere disagreement with a treatment plan is insufficient to allege deliberate indifference. *Estelle*, 429 U.S. at 107; *Hamm*, 774 F.2d at 1575. Furthermore, even if Lyon had been negligent in failing to diagnosis Plaintiff with an infection, mere allegations of inadvertence or negligence are insufficient to allege deliberate indifference. *Whitley*, 475 U.S. at 319.

Accordingly, in addition to Plaintiff's failure to allege a serious medical need, Plaintiff's Eighth-Amendment claim against Lyon should also be dismissed for Plaintiff's failure to allege that Lyon acted with deliberate indifference.

### 3. *Failure to Allege Deliberate Difference:  Defendant White*

Plaintiff also failed to allege that White acted with deliberate indifference. Plaintiff asserts that White examined Plaintiff and found "nothing wasn't [sic] wrong." Doc. 18 at 16 ¶ 19. Plaintiff argues that White should have been aware of his infection because White saw Plaintiff's swollen face, conducted an examination of Plaintiff, and Rosario diagnosed Plaintiff with an infection two days later. *Id.* Plaintiff essentially contends that White *should have been aware* of the risk of infection and should have taken additional preventive measures. This, however, is

insufficient to state a claim for deliberate indifference to a serious medical need. *Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

Therefore, in addition to Plaintiff's failure to allege a serious medical need, Plaintiff's Eighth-Amendment claim against White should also be dismissed for Plaintiff's failure to allege that White acted with deliberate indifference.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this <u>2nd</u> day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**